March 3,
1931.

OPINION OF THE JUSTICES.

On January 22, 1931, the following resolution was adopted by the house of representatives:

"Whereas by the provisions of certain sections of Title III of the United States Revenue Act of 1926, as amended in 1928, there may be returned to the State of New Hampshire an amount equal to the excess of eighty per cent of the federal estate tax on estates of New Hampshire decedents over the aggregate amount of estate, inheritance, legacy or succession taxes actually paid by such estate to any state or territory or the District of Columbia, in respect to any property included in the gross estate; and

Whereas many states have enacted appropriate legislation to obtain the benefit of such provisions of the United States revenue act; Now therefore Be It

Resolved, that the Speaker of the House of Representatives be and hereby is directed to obtain from the Justices of the Supreme Court their opinion upon the following questions of law which are of importance to the financial welfare of the state:

1. Would any constitutional provision be violated by imposing a tax on the estates of New Hampshire decedents, subject to the federal estate tax, in addition to the taxes imposed by chapter 72 of the Public Laws, the amount of which tax shall be the amount by which eighty per cent of the estate tax imposed by the United States government, under the provisions of the United States Revenue Act of 1926, as amended in 1928, exceeds the aggregate amount of all estate, inheritance, legacy transfer and succession taxes paid to the several states of the United States or the District of Columbia in respect to any property in the estate of said decedent?

2. If the answer to question number 1 is no, is there anything in the House Bill Number 227 hereto annexed which violates any provision of the New Hampshire constitution?"

The following answer was returned:


*To the House of Representatives:*

The undersigned, the justices of the supreme court, having received your resolution requiring their opinions as to the constitutionality of House Bill Number 227, make the following answer:

The bill provides for the imposition of a tax upon property passing by will or inheritance in such an amount as will make the total of such taxes laid by states, equal to the amount deductible from the federal estate tax, because so laid.

It makes the imposition of the proposed tax dependent upon the right to deduct the same from the amount of the federal estate tax, which would otherwise be payable in full to the federal government. We are unable to perceive wherein such a provision would violate any constitutional right of the taxpayer. The amount he is called upon to contribute for the support of government is not increased because he has to pay this state tax.

The nation lays a valid tax and makes valid provision for its partial distribution to the several states, through the process of local assess-

ments and the deduction thereof from the federal tax. Substance, not form, governs in these matters; and this is the substance of the whole transaction.

It is our opinion that if the bill is enacted it will be a valid law.

ROBERT J. PEASLEE.
LESLIE P. SNOW.
JOHN E. ALLEN.
THOMAS L. MARBLE.
OLIVER W. BRANCH.

March 3, 1931.