Merrimack,
June 5, 1934.

E. PAYSON GIBBS *v.* LUMBERMEN'S MUTUAL CASUALTY COMPANY.

20

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the defendant.

ALLEN, J.   If the plaintiff may charge the defendant with conducting the defence of the action, the issue of coverage may not now be litigated.   The defendant as insurer had no interest to defend unless there was coverage, and this was a preliminary question to be determined. *American Motorists Ins. Co.* v. *Garage*, 86 N. H. 362, and cases cited.   If held to have been represented by the defending attorneys in the trial, its "binding acknowledgment" of coverage would appear to follow.   When the action went to trial, it knew the facts upon which its position against coverage stood.   If it defended, it did so "without reservation, with a full knowledge of the facts, and without excusing circumstances," and thus was estopped from denying that the policy gave insurance for the claim defended against. *Sauriolle* v. *O'Gorman*, 86 N. H. 39, 49.   Its defence of the action, without seeking prior determination of the issue of coverage, would therefore dispose of the issue in the plaintiff's favor.

The issue of notice of the action affects the defendant's liability in two respects.   Primarily, if there was notice, the issue of coverage would now be presented provided the defendant did not conduct the defence of the action.   If held to have defended, then it became estopped from asserting non-compliance with the requirement of notice in the manner the policy prescribed. *Wilson* v. *Insurance Co.*, 77 N. H. 344.   Notice as an issue is to be given the same procedural treatment as coverage and other matters on which the insurer's right or duty to defend depends.   In a secondary way, upon the issue of the defendant's chargeability for conducting the defence the issue of notice has relevant bearing.   Notice given in a manner authorized would be a material if not controling circumstance of the situation in its support of the claim that the defendant held the defending attorneys out to the plaintiff as authorized to carry on the defence in its behalf.

Actual authority from the insurer to the attorneys to receive notice

and to conduct the defence is not a conclusion the evidence permits. To support the claim of it reliance is placed upon the insurer's payment of a bill rendered by the attorneys for services in the other actions with an alleged inclusion in the bill of two small items for services in the suit. When the bill was made up, it was for an amount for the services in their entirety. It did not specify the amount of each of the items, and whether it showed them at all is doubtful. "The bill that goes is the total of all these various items, and the bill goes as a total." And it is not clear that if the bill did show the items, they were stated in a manner to indicate their reference to the suit and not to the other actions. The attorneys intended to cancel all charges in the suit and if any remained, it was by mistake. In the light of the defendant's disclaimer of the attorneys' authority and of the fact that all other charges for services in the suit were cancelled, a finding of implied authority by ratification, upon the evidence of the payment as an approval or as an admission, is not reasonably to be made.

Upon the issue of apparent authority the plaintiff's argument is set forth in his brief as follows: "The plaintiff forwarded this writ to the company in accordance with the requirements of the policy, by forwarding it directly to the attorneys whom the company had held out to him as being in charge of any matters arising out of the accident. The company at the outset directed the plaintiff to refer 'any claim' to Mr. Crowley and from Mr. Crowley's conduct and instructions with reference to the earlier suits, the plaintiff reasonably understood that all suits were to be referred to the designated counsel."

The argument is defective in its assumed premise that the attorneys were held out to the plaintiff to be in charge of all claims in connection with the accident. The insurer's claim agent to whom it referred the plaintiff had neither actual nor apparent authority to name others in his place for the purpose of receiving notice. The reference to him implied no reference to others. No right to delegate his authority was given him. And there were no "fair presumptions growing out of the particular transaction or the usage of trade" (*Moor* v. *Wilson*, 26 N. H. 332, 335) to signify an intention to confer a delegable agency. Nothing was done by the insurer to indicate the agent's right to delegate, and the attorneys had no appearance of authority to take his place. The insurer's engagement of them to appear in the earlier actions and defend them justified no conclusion that they were appointed agents to receive notice of another suit, although all the suits arose out of the same accident. Their employment to defend certain suits pointed to no authority to receive notice of a later suit.

Nor did their engagement indicate a broader one than it was in fact, in respect to the defence of other suits. They were not in the position of general agents or held out as such. They were appointed to act in the single transaction of defending the suits tried together. In thus appointing them the insurer did not give the plaintiff the right to believe that they had authority to defend other suits, whatever the common liability claimed for all of them. It did not conduct its business in such a manner that the plaintiff was entitled to rely upon an authority greater than they actually had. *Edelstone* v. *Company*, 84 N. H. 315, 320, and cases cited. In employing them the insurer had no occasion to anticipate that the plaintiff would understand they were engaged for other employment, and without such occasion there was no holding out. *Davison* v. *Parks*, 79 N. H. 262, 264.

The plaintiff's ignorance of the limits of their authority is not enough to entitle him to charge his assumption about them to the defendant. Not holding them out as having authority beyond that in fact given, it was not required to protect itself by giving notice of the limits of authority. Employment of an attorney to conduct a lawsuit does not by itself tend to show his employment for others, although the same transaction or occurrence may be the occasion for all of them. There must be representations by word or conduct on the part of the alleged principal acknowledging authority and upon which reliance may reasonably be and is in fact placed, in order to charge him for another's conduct in his behalf. Apparent authority by which one is charged as a principal rests upon the general doctrine of estoppel. One must be misled by statements of the defendant of a reasonably misleading nature or intended to mislead.

The defendant hired the attorneys to defend the suits first brought. The plaintiff was referred to them only in connection with those suits. Thereby no one might reasonably understand that they were hired to defend any others. The other suit was not served until after the trial of the earlier ones. The defendant did nothing to lead the plaintiff to believe that it would engage the same attorneys to look after it. There is no evidence to warrant the assertion that they were held out by the defendant to have charge of all suits arising out of the accident. The claim agent's authority to receive notice of all suits has no tendency to show that his designation of attorneys to defend certain ones of them was a reference to them for others not then pending or known about.

The plaintiff testified that he "should think" he saw the claim agent about the suit "sometime during that period," without under-

taking to give any account of the interview. Service of the suit was made in May, 1929, the trial was in October, 1930, and the suit went to judgment in June, 1931. Whether the interview was before or after the trial does not appear. Nor does it appear that the plaintiff was present at the trial or knew about it before it was held. The period referred to may have extended to the judgment date. There is nothing to show its earlier ending. No reasonable inference that the interview, if there was one, took place before the trial, is to be made. The result is that the testimony tends to prove nothing affecting the rights of the parties.

The defendant had notice that there was to be another suit. But it received no notice of it when it was served and it had no opportunity to defend it. It had no knowledge of its pendency until after it was tried. Its right to say whether it would not defend because of its denial of coverage or whether it would raise the issue of coverage preliminary to the trial was not saved for it. It was deprived of any occasion it might have to seek a settlement without trial. Attorneys not engaged by it defended the suit, if also they were not engaged by the plaintiff. If the requirement of notice may be dispensed with by showing its immateriality, these facts answer the claim that notice was of no importance.

Nor is there any evidence of a waiver of the requirement. The refusal of the claim agent to permit a premature entry of the suit was not brought to the plaintiff's attention, so far as the evidence discloses, and if it had been, the plaintiff would not have been relieved from giving notice when due service was made on him. The policy is definite in its demand for notice of a suit as well as of a claim, and there is reason for notice of the service of a suit expected to be brought as well as of any other. The claim agent insisted that it take a formal course in refusing to permit the attorneys to accept service, and the plaintiff was not told that he might vary the policy requirement for giving notice of the suit in any way.

There being no waiver of notice to entitle the plaintiff to think that the attorneys had authority to receive notice, and the defence of the suit not being conducted by the insurer either in fact or in chargeable appearance, the condition that notice be given has not been met. So far as the plaintiff may have been misled, it was by no conduct or statements of the defendant.

*Judgment for the defendant.*

All concurred.