Hillsborough, }
May 4, 1937. }

LIBERTY MUTUAL INSURANCE CO.

*v.*

LOUIS E. MARTEL & a.

480

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wadleigh* orally), for the plaintiff.

*Omer H. Amyot, Osgood & Osgood* and *Cyprien J. Belanger*, for the defendants, furnished no briefs.

*Per Curiam.* The ruling of the court in relation to the burden of proof was erroneous. *Traveler's Insurance Co.* v. *Greenough, ante,* 391.

A new trial is not required, however, because we are of the opinion that the record contains no evidence whatever in support of the verdict returned by the jury. Both Martel and Dulac, being respectively the owner and driver of the truck, testified definitely that at the time of the accident it was being driven by Dulac upon business of his own, without the knowledge or consent of Martel, and contrary to the latter's express orders. They also testified that it had never been so used before, that Dulac was first employed by Martel only five days previous to the accident, and that it was no part of his duty to drive the truck for any purpose. The only other evidence in the case on this point was that of one De Rochers, a neighbor of Martel, who testified that once or twice a week during the year previous to the accident he had seen Dulac operating Martel's truck.

This latter evidence is not sufficient to sustain the verdict. It is sufficient to support the inference that Dulac had authority to drive his employer's truck, but neither it nor any other evidence in the case tends to indicate that he had permission, either express or implied, to use the truck in the way in which the uncontradicted evidence establishes that he was using it at the time of the accident, that is, upon business or affairs of his own.

*Decree for the plaintiff.*