Carroll,
May 31, 1939. } No. 3089.

## MERCHANTS MUTUAL CASUALTY COMPANY

*v.*

## H. C. KENNETT & a.

*Devine & Tobin,* for the plaintiff.

MARBLE, J.   An insurer's duty to defend an action for negligence brought against the person insured should, as a general rule, be determined before trial through proceedings for a declaratory judgment. *American &c. Ins. Co.* v. *Garage,* 86 N. H. 362; *Gibbs* v. *Company,* 87 N. H. 19, 21; *American &c. Ins. Co.* v. *Rush,* 88 N. H. 383, 385; *Laporte* v. *Houle, ante,* 50.

And because this is the approved procedure by which a liability insurance company may ascertain the extent of coverage without assuming the defence of the suit and thereby admitting its liability, no price is exacted from the company for taking the requisite preliminary steps, and the burden of proof rests where it would have rested if the company had defended the action.   *Travelers Ins. Co.* v. *Greenough,* 88 N. H. 391; *Liberty Mutual Ins. Co.* v. *Martel,* 88 N. H. 479.   The reason for the rule receives scant recognition in the recent case of *Travelers Ins. Co.* v. *Drumheller,* 25 Fed. Supp. 606, where the case of *Travelers Ins. Co.* v. *Greenough, supra,* is criticized.

The decision in the *Greenough* case does not mean, however, that the burden of proof is invariably on the defendants in proceedings for declaratory judgments or that an insurance company need not allege in its petition all facts necessary to establish its right to a negative declaration.   "Its position that the claim is without merit is necessary, in order to show that the claim is a controverted one." *Travelers Ins. Co.* v. *Greenough, supra,* 393.   Hence, although it does not assume the ultimate burden of proving coverage, its petition is defective if it seeks no more than "an order to show cause against a defendant who may have made as yet no adverse claim."   Borchard, "Justiciability," 4 U. of Chi. Law Rev. 1, 27.

The declaratory judgment act (Laws 1929, c. 86) is as follows: "Any person claiming a present legal or equitable right or title may maintain a petition against any person claiming adversely to such right or title, to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive."

"In order to avoid the consideration of any case which might be termed hypothetical, it has been held that the facts of the case must be clearly set out."   Borchard, Declaratory Judgments, 133, 134, and cases cited.   Here the plaintiff has failed to state any facts from

which it could be found that the defendant Locke is actually asserting a claim adverse to the plaintiff's rights or that his claim, if asserted, is without merit.

"There is no right to an adjudication of matters not in contention." *Conway* v. *Board*, 89 N. H. 346, 349. And while the existence of an actual controversy is not always essential (see *Faulkner* v. *Keene*, 85 N. H. 147, 156; Schroth, "Actual Controversy," 20 Cornell Law Quarterly, 1), some act of the defendant "must be sufficiently definite to constitute a genuine threat or prejudice" to the plaintiff's interests. 4 U. of Chi. Law Rev. 1, 27. Moreover, the plaintiff must show "that the facts are sufficiently complete, mature, proximate, and ripe to place him in gear with his adversary, and thus to warrant the grant of judicial relief." Borchard, Declaratory Judgments, 36; *Maryland Casualty Co.* v. *Hubbard*, 22 Fed. Supp. 697, 699.

No act evidencing Locke's alleged intent to make a claim is mentioned in the petition, the provisions of the policy are not set forth, and no facts relating to the accident and indicating the nature of Locke's cause of action (if he has one) are disclosed. Because of these omissions we deem the petition defective. It is therefore unnecessary to determine whether, if sufficient facts had been alleged, judgment could properly be rendered on default, without evidence. See *Grant* v. *Council*, [1928] Ch. 310.

*Petition dismissed.*

All concurred.