Cheshire,
Oct. 5, 1948. } No. 3758.

EDGEWOOD CIVIC CLUB *v.* RAYMOND A. BLAISDELL *& a.*

*Arwe & Arwe*, for the plaintiff, filed no brief.

*Homer S. Bradley* (by brief and orally), for the defendants.

*Edward C. Sullivan*, City Solicitor, for the city of Keene, filed no brief.

KENISON, J. Zoning regulations are based on certain fundamental

propositions. "Such regulations shall be made in accordance with a comprehensive plan" (R. L., c. 51, s. 52) so that zoning is by districts "and not by individual pieces of property" (*Kimball* v. *Blanchard*, 90 N. H. 298, 299; R. L., c. 51, s. 51) with a view to the future needs as well as the present conditions of the city. *Kimball* v. *Blanchard, supra*, 300. Nonconforming uses existing when the regulations go into effect are allowed to continue but not to multiply when they are harmful or improper. Bassett, Zoning (1940 *ed.*) 105. Since zoning is not static provision is made for amendments and changes (R. L., c. 51, s. 54) to be granted and "exercised reasonably" (*Brady* v. *Keene*, 90 N. H. 99, 101) when in the public interest and denied when it effects a special privilege solely. *Scott* v. *Davis*, 94 N. H. 35, 38.

The amendment to the Keene zoning ordinance changing defendants property from a single residence district to a business district has been found by the Master to be "not a district in any real sense of the term, but is, on the contrary, an individual piece of property arbitrarily designated as a zone." This coupled with the finding that there was no "public need for the ordinance of April 17, 1947" makes out a case of spot zoning if there was evidence to support it. The record does not indicate that there was any public necessity or convenience involved in the allowance of a novelty store or a business district at defendants' premises nor does it show that it would enhance the development of the community except as it was an economic benefit to the defendants alone. It was not a case where a small business area was a convenience or necessity in or near a large residential area. The mere fact that the amendment zoned a small area at the request of a single owner does not of itself make the result spot zoning. "The invalidity of 'spot zoning' depends upon more than the size of the 'spot.'" *Marblehead* v. *Rosenthal*, 316 Mass. 124, 126. The zone may be small and of greater benefit to those seeking it than to others if there is a public need for it or a compelling reason for it. Thus an area may be zoned specially to meet a special safety or health problem. *Nappi* v. *La Guardia*, 55 N. Y. S. (2d) 80, affirmed in 295 N. Y. 652. In the present case the court could find the element of public need was absent resulting in a case of spot zoning.

Defendants seriously urge the court to reconsider and overrule *Scott* v. *Davis, supra*, which construed R. L., c. 51, s. 64, as giving any tax payer a trial *de novo* in the Superior Court as if no decision had been rendered by the city government. Several reasons are advanced in support thereof. Granting that the appeal statute was not entirely clear on its face, it is stated that it could not have intended to place the

burden of proof on the party defending the action of the city councils when normally the burden is and should be on the party attacking it (McQuillin, Mun. Corps., Rev. *ed.*, *s.* 1034); that a *de novo* trial which attaches no presumptive validity to zoning ordinances is contrary to the great weight of authority state and federal (McQuillin, Mun. Corps., Rev. *ed.*, *s.* 1030), and is opposed to the rationale of our own cases (*Coleman* v. *School District*, 87 N. H. 465, 471; *Stone* v. *Cray*, 89 N. H. 483, 489); and that the effect of this construction of the appeal statute is to make zoning primarily judicial rather than legislative and administrative. "It is extremely difficult for a court of last resort to do an adequate job of analyzing the substantive merits of a city-wide zoning ordinance as it applies to one piece of land. A good ordinance can only be drawn with a view to the future needs as well as the present condition of the municipality; a good ordinance must consider each piece of property as an integral part of the entire community, not as an isolated bit of land. Yet when a case comes before the Supreme Court it is almost impossible to view the issues in this perspective. What the court sees is a small plot of land, independent of the rest of the urban area and unrelated to any future development." Babcock, The Illinois Supreme Court and Zoning: A Study in Uncertainty, 15 Univ. Chi. L. Rev. 87, 101 (1947).

These reasons have considerable merit but whether the court should or should not be "authorized to substitute its judgment for that of . . . a city government" (*Scott* v. *Davis, supra,* 37) presents a question of policy for the Legislature to decide. Cf. *Hackett* v. *Railroad, ante,* 45, 47.

After the plaintiff filed its appeal petition, the defendants demurred upon the ground that the plaintiff was not a taxpayer or a duly constituted voluntary corporation since it had not recorded its articles of agreement with the city clerk as required by R. L., *c.* 272, *s.* 4. Thereupon the petition was amended by making forty individual members of the club parties plaintiff. The court allowed the amendment effective as of the date the original petition was filed. This was proper and within the discretion of the Superior Court (*Remick* v. *Company,* 82 N. H. 182) even though it was retroactive (*Whitney* v. *Hood & Sons,* 88 N. H. 483) and the thirty day period for appeal had expired. *Gagnon* v. *Connor,* 64 N. H. 276; R. L., *c.* 390, *s.* 9; Superior Court Rule 20 (93 N. H. Appendix).

*Exceptions overruled.*

All concurred.