State Tax Commission, } No. 4154.
    Oct. 7, 1952.

## PETITION OF VIRGINIA W. TURNER.

*Gardner C. Turner* for the petitioner and the town of Sullivan, filed no brief.

DUNCAN, J. The action of the State Tax Commission in certifying the foregoing question to this court presents a preliminary question of the authority of the court to determine the question transferred. The 74th Article of the Constitution (Part Second) provides that each branch of the Legislature as well as the Governor and Council shall have authority upon important questions of law and upon solemn occasions to require advisory opinions of the Justices of the court. The constitutional authority to give advice is limited to the cases enumerated in the article and cannot be extended by legislative action. *In re School Law Manual,* 63 N. H. 574; *In re Probate Blanks,* 71 N. H. 621; *Harvey* v. *Harvey,* 73 N. H. 106. See also, *Faulkner* v. *Keene,* 85 N. H. 147, 150. Only the bodies named in the resolution are entitled to such advice (*Opinion of the Justices,* 62 N. H. 706) and opinions will not be given upon matters likely to come before the court for decision as to which the members might be disqualified by their prior expression of opinion. Revised Laws, chapter 373, section 8; *Opinion of the Justices,* 70 N. H. 638, 639; *Opinion of the Justices,* 95 N. H. 557, and opinions cited. See *Wyatt* v. *Board of Equalization,* 74 N. H. 552, 573-4.

On the other hand questions may be certified to this court by such a body as the Public Utilities Commission, pursuant to legislative authority (R. L., c. 287, s. 20, as amended), when justiciable rights are involved and the question arises in adversary proceedings before the commission. *Petition of White Mountain Power Co.,* 96 N. H. 144. See *Petition of Public Service Co.,* 96 N. H. 310. Accordingly, in *Opinion of the Justices,* 81 A. (2d) 845, 850, rendered on May 15, 1951, with respect to a bill providing for a retail sales tax, it was stated that authority might properly be conferred upon the State Tax Commission to certify to this court for decision questions of law arising in connection with the administration of the proposed law, provided such questions arose "in the course of proceedings brought before the commission for determination." As was there stated: "The power given is for the purpose of adjudication and not for that of mere advice. Thus limited the provision is proper."

The limitation stated in the foregoing *Opinion* is thought to apply to the authority conferred by R. L., c. 78, s. 35, under which

the question now before us has been certified and transferred. The certification by the commission fails to indicate that the statutory authority is exercised for the purpose of adjudication and not merely for that of advice. So far as appears the petitioner before the commission has no legal interest in the matter presented for determination. The petition does not seek recovery of taxes paid, and alleges no existing interest in the matter of past distributions or injury resulting therefrom. The income taxes paid for the years in question satisfied the petitioner's obligation and no abatement appears to have been sought.

The right of distribution under the statute is that of the town or city entitled to the distribution. Under ordinary circumstances the remedy for erroneous distribution is by *certiorari* from the decision of the agency charged with the duty of making the distribution. *Pittsfield* v. *Exeter*, 69 N. H. 336.

So far as appears neither the city of Keene nor the town of Sullivan was a party to the petition before the commission which prompted this certification. The town has appeared in this court as an intervenor, supporting the position of the petitioner. However the city, from which it is proposed that the amount in question be withheld in the distribution of tax proceeds for the current year, is not before us as a party. As was said in *In re School Law Manual*, 63 N. H. 574, 575, "A prospective determination . . . without notice and opportunity of hearing given to persons whose interests may be involved in the facts and the law of a particular case, would not be an exercise of judicial power." "There is no right to an adjudication of matters not in contention." *Conway* v. *Board*, 89 N. H. 346, 349. See *Merchants Mut. &c. Co.* v. *Kennett*, 90 N. H. 253.

Since it appears to us that any determination of the question transferred which we might make upon this certification would be advisory only, we must respectfully decline to make it. If the question should later arise in adversary proceedings it may be determined under appropriate procedure. On the other hand, distribution as provided by statute (Laws 1951, c. 10) is not required to await the institution of adversary proceedings.

*Case discharged.*

All concurred.