March 11, 1955. } No. 4399.

OPINION OF THE JUSTICES.

The following resolution adopted by the House of Representatives on February 16, 1955, was filed in this court February 17, 1955:

"*Resolved,* That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question of law:

"Do the provisions of House Bill No. 144, An act relative to the rate of tax on interest and dividends, violate the fundamental law of the state with respect to the determination and collection of taxes;

"*And be it Further Resolved,* That the Speaker transmit a copy of House Bill No. 144 to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The undersigned, the Justices of the Supreme Court, make the following answer to the inquiry contained in your resolution with reference to House Bill No. 144, entitled "An Act relative to the rate of tax on interest and dividends."

R. L., *c.* 78, *s.* 1, provides that "an annual tax upon incomes [interest and dividends] shall be levied at the average rate of taxation, as near as may be, levied upon other property throughout the state, excepting polls, savings bank deposits, deposits in savings departments of national banks, and property specially taxed, for the year in which the incomes taxed under this chapter are received."

House Bill No. 144 would strike out the above section and insert in place thereof the following: "RATE. An annual tax upon incomes [interest and dividends] shall be levied at the rate of two and one-half per cent."

We are of the opinion that the provisions of said bill do not

violate the fundamental law of the state with respect to the determination and collection of taxes.

The history of our constitutional provisions relating to taxation can be divided into two periods, the first from 1784 to 1903, the second from 1903 to date. The following provisions of Article 5, Part Second, of our Constitution have remained unchanged since its inception namely, that the General Court shall have full power and authority "to impose and levy proportional and reasonable assessments, rates, and taxes, upon all the inhabitants of, and residents within, the said state; and upon all estates within the same." However Article 6 thereof was amended in 1903. Prior thereto it read as follows: "And while the public charges of government, or any part thereof, shall be assessed on polls and estates in the manner that has heretofore been practised; in order that such assessments may be made with equality, there shall be a valuation of the estates within the State taken anew once in every five years at least, and as much oftener as the general court shall order."

"Under this language, it has been said that the power to tax was 'confined to persons and estates.'" *Opinion of the Justices,* 77 N. H. 611, 615. The word "estates" was held to include every specie of property within the state and the tax imposed thereon was considered a burden placed upon its ownership, possession and enjoyment. *Conner* v. *State,* 82 N. H. 126, 128. It was required to be laid *ad valorem (Opinion of the Justices,* 82 N. H. 561, 563) and to be proportional and reasonable, or equal and just, which demands uniformity in the mode of assessment and in the rate of taxation. *Bemis &c. Bag Co.* v. *Claremont,* 98 N. H. 446, 450. Before the amendment there was much doubt if and how far incomes were taxable. *Opinion of the Justices, supra,* 578.

In 1903, Article 6 was amended to read in part as follows: "The public charges of government, or any part thereof, may be raised by taxation upon polls, estates, and other classes of property, including franchises and property when passing by will or inheritance." "That amendment is not an extension of the right to tax estates, but a grant of the power to tax in other ways." *Opinion of the Justices, supra,* 567. "Read in another way, the provision means that property may be taxed for reasons other than ownership . . . 'other classes of property' is here used as the equivalent for property otherwise classified." *Conner* v. *State, supra,* 128. The removal of the doubt as to the taxability of incomes was one purpose of the amendment, "and its effect in subjecting incomes to taxation

as a class of property other than 'estates' is clear and unquestioned." *Opinion of the Justices*, 82 N. H. 561, 578. The annual tax upon "estates" is a burden placed upon ownership without regard to when the property was obtained or whence it came. The income tax is a levy upon the receipt of property and continued ownership of it does not subject it to a recurrence of the tax. It involves a different kind of taxability. Like the inheritance tax the income tax inherently is not a proportional distribution of public expense upon the property of the taxing district as is required by Article 5 of the Constitution. *Thompson* v. *Kidder*, 74 N. H. 89, 93; *Opinion of the Justices, supra; Conner* v. *State, supra*, 131. However such taxes were specifically authorized by the amendment of 1903 even though by their nature they cannot be correlated with the annual estate tax. In other words taxation of incomes is permitted not because it can be correlated with the annual estate taxes but because taxes incapable of such correlation were authorized by said amendment. Taxes on interest and dividends can therefore be levied and need not be at the same rate as the annual property taxes (*Conner* v. *State, supra*, 130) provided that they are laid at a common and uniform rate.

Like the poll tax (R. L., c. 73), the tobacco tax (R. L., c. 79) and the tax on legacies and successions (R. L., c. 87) the relation of the tax on interest and dividends to that on estates as to rate and other features rests in the discretion of the Legislature provided it is laid at a common and uniform rate. *Opinion of the Justices*, 84 N. H. 559, 571; *Opinion of the Justices*, 95 N. H. 537, 540. A rate differing from the average rate of the annual property tax throughout the state, be it higher or lower, is constitutional. It follows that the proposed rate of two and one-half per cent is clearly within the legislative discretion. See *Opinion of the Justices*, 88 N. H. 500, 505, 508, relating to H. B. 388, 1937 session, providing for a tax on interest and dividends at the rate of three per cent.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
JOHN R. GOODNOW.

March 11, 1955.