Merrimack,
No. 5382.

STATE *v.* ARTHUR J. HARVEY.

Argued September 9, 1965.
Decided October 5, 1965.

*William J. O'Neil*, Assistant Attorney General (by brief and orally), for the State.

*Arthur J. Harvey* (by brief and orally), pro se.

Duncan, J. The ordinance which gives rise to these proceedings prohibits distribution in any public place of "any handbills, cards, papers or advertising matter of any kind or description." It provides further that the ordinance shall not be construed to prohibit the sale of newspapers and periodicals.

The offense charged against the defendant consisted of his distribution at the entrance of the high school of a pamphlet published by him under the name of "The Greenleaf" which is said to have contained arguments in favor of world peace and against war.

In entering the nol pros the county attorney filed a "memorandum of law" expressing the opinion that application of the ordinance to the defendant's actions would be unconstitutional under decisions of the Supreme Court of the United States. The memorandum expressed the further opinion that the ordinance might constitutionally be applied to prohibit the distribution of matter of a commercial nature and that the defendant's pamphlet was not of such a nature.

By his brief filed in this court, the defendant has withdrawn his objection to the nol pros "since a judicial review is taking place anyway." The substance of his position is contained in the following statement of his brief: "It is my belief that a fundamental right of any person subject to a law, is to know the law's meaning, and to have any doubts or questions about the law's constitutionality settled. The County Attorney's Memorandum of Law presumably rules out further arrests by the police at this time, but it is no assurance that the ordinance will not be applied under future County Attorneys, or that Complaints will not be filed by private citizens leading to further convictions."

In effect the defendant seeks a declaratory judgment or advisory opinion establishing that the ordinance is invalid as applied to his conduct, although the State no longer claims the conduct to have been a violation. The law is plain that the relief which the defendant seeks will not lie in the circumstances disclosed. The State now makes no claim of any rights adverse to those asserted by the defendant. "There is no right to an adjudication of matters not in contention." *Conway* v. *Water Resources Board*, 89 N. H. 346, 349. *Cf. Faulkner* v. *Keene*, 85 N. H. 147. In this situation a petition for declaratory judgment will not lie. The law is also plain that advisory opinions cannot be given by this court on the petition of private individuals. Const., Pt. II, *Art.* 74. See *Petition of Turner*, 97 N. H. 449.

*Petition dismissed.*

All concurred.