Merrimack
No. 6641

CARL M. AUSTIN & a.

v.

STATE TAX COMMISSION

February 28, 1974

*Flynn, Powell, McGuirk & Blanchard* and *Smith, Elliott, Wood & Nelson* of Maine (*Mr. Charles W. Smith* orally) for the plaintiffs.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* attorney (*Mr. Cleaveland* orally), for the defendant.

GRIMES, J.  Three residents of Maine who earned income while working in New Hampshire challenge the constitutionality of the New Hampshire Commuters Income Tax. RSA ch. 77-B. During taxable year 1970 plaintiffs, as nonresidents of New Hampshire earned income in New Hampshire, had withheld from their wages by their employers a tax based on the amount of income they earned in New Hampshire. RSA 77-B:10. Plaintiffs paid the tax and brought a petition for declaratory judgment on behalf of themselves and other residents of Maine similarly situated, challenging the tax as violative of the Constitutions of the United States and New Hampshire. Defendant's motion to dismiss was denied, exceptions noted, and all issues raised were transferred to this court without ruling by *Flynn,* J.

An understanding of the operation of the Maine income tax is necessary to consider defendant's argument that plaintiffs lack standing to bring this action. Maine levies a tax on the income of residents regardless of its source and on the income of nonresidents which is derived from sources within that State. 36 Me. Rev. Stat. Ann. § 5111 (Supp. 1973). Maine provides a credit for its residents against the Maine tax for any taxes paid to foreign jurisdictions on income also taxable in Maine. *Id.* § 5127 (Supp. 1973); *see Opinion of the Justices,* 110 N.H. 26, 259 A.2d 660 (1969). In complement to the Maine statute, the New Hampshire commuters income tax is limited so as not to exceed any income tax which would be payable to the commuter's home State if the income were earned and taxed in that State. RSA 77-B:2 II.

The effect of the Maine credit and the New Hampshire limitation is that New Hampshire collects a tax from Maine residents working in New Hampshire which otherwise would be paid in the same amount to the State of Maine. Defendant contends that, because the commuters income tax imposes no tax burden beyond that otherwise owed the State of Maine, the plaintiffs lack standing. Considering the policy of providing accessibility to the courts for the settlement of grievances

and for challenging the use of power by government, we hold that the claims of these plaintiffs are entitled to consideration.

Defendant also contends that declaratory relief is not available to the plaintiffs as they should have proceeded by way of a petition for abatement under RSA 77-B:22. "A petition for declaratory judgment is particularly appropriate to determine the constitutionality of a statute when the parties desire and the public need requires a speedy determination of important public interests involved therein". *Chronicle & c. Pub. Co. v. Attorney-General*, 94 N.H. 148, 150, 48 A.2d 478, 479-80 (1946); *Levitt v. Maynard*, 104 N.H. 243, 182 A.2d 897 (1962); *Carbonneau v. Company*, 96 N.H. 240, 73 A.2d 802 (1950).

Petitioners' argument against the tax is grounded in the privileges and immunities and equal protection clauses of the Constitutions of the United States and of New Hampshire. The purpose and scope of these clauses have been described as placing citizens of each State on the same footing as those of other States in a variety of ways including acquisition and enjoyment of property, free ingress to and egress from other States, and engaging in lawful commerce, trade or business without molestation. *Travis v. Yale & Towne Mfg. Co.*, 252 U.S. 60, 78 (1920); *Paul v. Virginia*, 75 U.S. (8 Wall.) 168 (1868); *Ward v. Maryland*, 79 U.S. (12 Wall.) 418 (1870).

In a companion case to *Travis*, the Supreme Court in deciding whether or not a State has jurisdiction to impose an income tax on nonresidents, said "where the question is whether a state taxing law contravenes rights secured by that instrument [the Constitution], the decision must depend not upon any mere question of form, construction or definition, but upon the practical operation and effect of the tax imposed." *Shaffer v. Carter*, 252 U.S. 37, 55 (1920). Later in the same opinion, the Court rejected an argument against the constitutionality of the tax commenting that the reasoning "errs in paying too much regard to theoretical distinctions, and too little to the practical effect and operation of the respective taxes as levied . . . ." *Id.* at 56. Accordingly, this court will weigh the commuters income tax in terms of its "practical operation and effect". *Opinion of the Justices*, 85

N.H. 572, 154 A. 633 (1931); *Opinion of the Justices,* 126 Me. 614, 137 A. 50 (1927).

Since these plaintiffs pay no greater tax by reason of the New Hampshire tax than they otherwise would pay to Maine, they are not prejudiced by the commuters income tax. They are placed at no competitive disadvantage in New Hampshire which they would not be under without the tax, and they certainly are not deterred by the tax from entering the New Hampshire labor market. The tax thus does no violence to the privileges and immunities clause. The only burden on these plaintiffs is imposed by the withholding arrangement of New Hampshire as opposed to the quarterly payments of Maine, and the requirement of filing a New Hampshire return. The Supreme Court of the United States dealt with the argument that withholding the income of nonresidents at its source was an unconstitutional discrimination by saying that such a contention was "unsubstantial" and that the withholding "does not in any wise increase the burden of the tax upon non-residents, but merely recognizes the fact that as to them the State imposes no personal liability and hence adopts a convenient substitute for it." *Travis v. Yale & Towne Mfg. Co.,* 252 U.S. 60, 76 (1920). Likewise, the withholding and filing arrangements are necessary incidentals to administering the tax and do not create the "substantial difference" in treatment which would sustain plaintiffs' burden in proving the tax discriminatory to the point of being arbitrary and unreasonable. *Wheeler v. State,* 127 Vt. 361, 249 A.2d 887 (1969).

Plaintiffs contend that the legislature has power only to levy taxes on "inhabitants of, and residents within, the said state" (N.H. CONST. pt. II, art. 5) and that it has therefore no power to levy an income tax on nonresidents. That article, however, together with article 6, provides for the taxing of all estates and other classes of property. The tax imposed by RSA ch. 77-B is a tax upon the receipt of property in the form of income in New Hampshire and is therefore within the power of the State. *Opinion of the Justices,* 99 N.H. 512, 112 A.2d 44 (1955); *Opinion of the Justices,* 111 N.H. 210, 212, 279 A.2d 741, 742 (1971).

A resident pays an unearned income tax, a $10 residence

tax, and other taxes while the nonresident pays nothing for the state services which protect him and his employment unless by means of this tax which operates to produce a "practical equality" by means of the power "to equitably defray the expense of protecting the right of property and other rights". *Opinion of the Justices,* 97 N.H. 546, 548, 81 A.2d 853, 855 (1951). Because the tax is not discriminatory in its practical operation on these plaintiffs, the court holds it not violative of the privileges and immunities clause or the equal protection clause of the Federal Constitution or of the State constitution.

*Declaratory judgment for the defendant.*

All concurred.