Cheshire
No. 6742

FRANCIS C. GUTOSKI & *a.*

v.

TOWN OF WINCHESTER

June 28, 1974

*Olson, Reynolds & McMahon (Mr. Lewis A. McMahon* orally) for the plaintiffs.

*William H. Watson,* by brief and orally, for the defendant.

GRIMES, J. In this declaratory judgment action, the plaintiffs seek to have a zoning ordinance declared void and of no effect on the grounds that it was not properly enacted and that it is "vague, ambiguous, is incomplete and lacks definition".

Following a trial by the court, the petition was denied on the ground that there was no justiciable issue. The court did, however, grant and deny certain requests of the plaintiffs. All questions of law raised by plaintiffs' exceptions were reserved and transferred by *Grant,* J.

The plaintiffs in their petition describe themselves as "resident citizens" of the town and "duly enrolled upon the voting checklist". In their brief they state that they are and were "real property owners" and "taxpayers of the town of Winchester". As such, they have sufficient interest to maintain these proceedings. *Austin v. State Tax Comm'n,* 114 N.H. 137, 316 A.2d 165 (1974); *O'Neil v. Thomson,* 114 N.H. 155, 316 A.2d 168 (1974). The town contends that the ordinance is valid while the plaintiffs claim it is not. This creates a justiciable issue even though there has been no attempt to apply it to the plaintiffs. *Faulkner v. Keene,* 85 N.H. 147, 152-53, 155 A. 195, 199 (1931); *Merchants Mut. &c. Co. v. Kennett,* 90 N.H. 253, 7 A.2d 249 (1939); *Village of Belle Terre v. Boraas,* 94 S. Ct. 1536 (1974).

The ordinance in question in its preamble states that it was adopted pursuant to the authority of RSA 31:30-89. It creates a single district embracing the entire town. It is contended that the ordinance was not made in accordance with a comprehensive plan and that no map was on display at the polling place although it was on file with the town clerk.

The ordinance requires an "operating permit" for a fee of $2.00 and includes certain lot area and yard require-

ments, a provision that any new building used for housing have two or more rooms on a permanent foundation and of "good structurally sound material", have a "permanent lined chimney" and running water, toilet and bath facilities and proper sewage in compliance with RSA ch. 147. It also requires all new streets to be fifty feet wide. Section III E provides that, if it is projected by the town's sewer survey that sewerage mains shall pass a housing development or mobile home park, adequate sewer lines shall be installed by the developer to the town sewerage line. Section III F requires that a housing development or mobile home park have water mains installed as prescribed by the town water department and fire hydrants as prescribed by the "Board of N.H. Fire Underwriters". Section III G provides that if it is not practical to install water and sewerage mains at the time of development, the developer must post bond guaranteeing the installation cost at a future date. The rest of the ordinance relates to enforcement by the selectmen, establishes a board of adjustment, and provides for amendments and certain definitions. There are no use restrictions.

The fact that there is but one district does not invalidate the ordinance. *Plainfield v. Hood,* 108 N.H. 502, 506, 240 A.2d 60, 64 (1968). Since those restrictions which are imposed apply uniformly throughout the town, control is not by individual pieces of property and is therefore comprehensive in nature. *Edgewood Civic Club v. Blaisdell,* 95 N.H. 244, 61 A.2d 517 (1948). Although the zoning map was not on display at the town meeting, it was available to be seen in the town clerk's office. Also, since the entire town comprised one district with restrictions applying uniformly throughout, the fact that the map was not on display at the meeting was not fatal. We hold that there was substantial compliance with the requirements of RSA ch. 31. *McKinney v. Riley,* 105 N.H. 249, 197 A.2d 218 (1964); *Bosse v. Portsmouth,* 107 N.H. 523, 226 A.2d 99 (1967).

We find article III E & G of the ordinance requiring the installation of "sewerage mains" and the posting of a bond guaranteeing the installation cost at a future date to be invalid. There is no assurance on the part of the town

that sewer mains will ever be installed at any particular location. The requirements of article III E & G are therefore arbitrary and unreasonable.

*Plaintiffs' exceptions sustained in part.*

GRIFFITH, J., dissented; the others concurred.

GRIFFITH, J., dissenting: I would sustain the trial court's ruling that there was no justiciable issue. RSA 491:22; *State v. Harvey*, 106 N.H. 446, 213 A.2d 428 (1965); *Petition of Turner*, 97 N.H. 449, 91 A.2d 458 (1952).