Belknap
No. 7283

STATE OF NEW HAMPSHIRE

v.

DOUGLAS MCPHAIL

July 30, 1976

*David H. Souter,* attorney general, and *Edward A. Haffer,* assistant attorney general *(Mr. Haffer* orally), for the State.

*James J. Kalled,* by brief and orally, for the defendant.

GRIFFITH, J. The Trial Court, *Batchelder,* J., reserved and transferred without ruling all questions of law raised by the defendant's motion to dismiss an indictment for "attempted capital murder" on February 21, 1975.

The defendant in his motion to dismiss the indictment relies upon the fact that the Criminal Code enacted Laws 1971, ch. 518 effective November 1, 1973, contained no provision for the death penalty for murder. RSA 630:1 (Supp. 1973) defined murder without any distinction in degrees of murder and RSA 651:6 II (c) (Supp. 1973) provided that the punishment for murder shall be life imprisonment. Laws 1974, ch. 34 amended RSA ch. 630 (Supp. 1973) and classified the crime of murder into the categories of "capital murder", "first degree murder", and "second degree murder". The amended statute now provides that the punishment for "capital murder" shall be death. RSA 630:1 III. The defendant is charged with the attempted murder of a police officer, which is classified as "capital murder" under RSA 630:1 I-a.

The defendant argues that since RSA 630:1 does not deal with attempted capital murder the indictment must be dismissed. The defendant's contention that the Code does not provide for the crime of "attempted capital murder" is in error. RSA 629:1 IV stated when first enacted, as it does today, "[t]he penalty for attempt is the same as that authorized for the crime that was attempted, except that in the case of an attempt to commit murder it is a class A felony." A class A felony is not a capital offense. The

statute provides for punishment of all attempted murders and the fact that murder is classified in a subsequent statute can hardly be thought to remove one classification of murder from the general category of attempted murder. To adopt the construction urged by the defendant would be to disregard the instructions in the Criminal Code that "[a]ll provisions of this code shall be construed according to the fair import of their terms and to promote justice". RSA 625:3. *See also* 1A A. Sutherland, Statutory Construction §§ 22.34, 22.35 (4th ed. C. Sands 1972); Report of Commission to Recommend Codification of Criminal Laws, ch. 574:1, Comments (1969).

We note that the word "capital" in the indictment of attempted "capital" murder may be considered surplusage under RSA 629:1 IV because the State would not be required to prove an attempted "capital" murder in order to sustain a charge of attempted murder; all classifications of murder are included in the charge. The indictment also includes lesser offenses such as aggravated assault. *Nichols v. Vitek,* 114 N.H. 453, 321 A.2d 570 (1974); *State v. O'Brien,* 114 N.H. 233, 317 A.2d 783 (1974).

The defendant's argument that RSA 630:1 is unconstitutional as a bill of attainder is rejected since the distinguishing feature of a bill of attainder, *i.e.,* the substitution of a legislative for a judicial determination of guilt, is in no way characteristic of RSA 630:1. *DeVeau v. Braisted,* 363 U.S. 144, 160 (1960); *United States v. Lovett,* 328 U.S. 303, 315-18 (1946). While we are of the opinion it would be questionable whether a defendant could raise the question of the constitutionality of capital punishment in advance of trial, in the present case he is not subject to capital punishment and clearly may not require an advisory opinion on the issue from this court. N.H. CONST. pt. II, art. 74; *Piper v. Meredith,* 109 N.H. 328, 251 A.2d 328 (1969); *State v. Harvey,* 106 N.H. 446, 213 A.2d 428 (1965).

*Remanded.*

All concurred.