Rockingham
No. 92-004

THE STATE OF NEW HAMPSHIRE

v.

WALTER E. HUTCHINSON, JR.

September 16, 1993

*Jeffrey R. Howard*, attorney general (*Amy Vorenberg*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J.   The defendant appeals his convictions of attempted murder and first degree assault after a jury trial in the Superior Court (*Gray*, J.). He contends that the trial court impermissibly amended the indictment charging "attempted first degree murder" by instructing the jury on generic attempted murder. The defendant also contends that the trial court erred by allowing the prosecutor to assert in his closing argument that proof of premeditation was unnecessary. Finally, the defendant argues, and the State concedes, that the New Hampshire Constitution prevents the State from allowing him to stand convicted and punished for both crimes as charged. For the reasons that follow, we affirm in part and remand for further proceedings.

The defendant's convictions were based on evidence that he beat, bound, and strangled his former girlfriend, causing severe brain damage by depriving her of oxygen for at least three minutes. Before the attack, the defendant told several friends that he wanted to tie up, rape, and kill the victim because she was cheating on him. The defendant testified at trial and admitted to having committed the assault, but denied that he intended to kill the victim. A psychiatrist who examined the defendant testified that he had acted without premeditation.

On appeal, the defendant argues that the trial judge impermissibly altered the indictment by providing an instruction on the generic crime of attempted murder, rather than instructing on premeditation and "attempted first degree murder," as the indictment specified. Having concluded that this issue was properly preserved, we disagree.

The indictment for "attempted first degree murder" charged that the defendant

"committed *the crime of attempted first degree murder* in that, . . . with a purpose that *the crime of first degree murder* be committed, he *purposely* strangled [the victim] by pressing his hands around [her] neck, thereby depriving her brain of oxygen, an act which under the circumstances as he believed them to be constituted a substantial step toward *purposely causing the death* of [the victim]."

(Emphasis added.)

In his instruction to the jury on the indictment charging "attempted first degree murder," the trial judge stated:

"The charge, in fact, is attempted murder. . . . [I]t doesn't make any difference whether . . . the allegation is attempted first or second degree murder. Attempted murder is a generic crime, stands by itself.

. . . .

[T]he State has to prove three things to prove an attempted murder. The State has to prove, first of all, that the defendant acted purposely. . . .

. . . 'A person acts purposely with respect to a material element of an offense when his conscious object is to cause the result or engage in the conduct that comprises the element.'

. . . In this case, that mental state, that 'purposely,' applies to his attempt, but not to the crime of murder.

. . . .

Murder, for the purposes of your deliberations — and you will only deliberate on it in the sense of did he try to do either one, purposely cause death or knowingly cause death. Doesn't make any difference which one. Did he purposely attempt to do either of those things . . . and did he take sufficient steps to corroborate that intention. That's the crime of attempted murder."

■■ The requirement that a defendant be tried only for crimes for which he or she has been indicted, *see* N.H. CONST. pt. 1, art. 15, is not violated whenever a trial judge provides a jury instruction that does not mirror the indictment. *See State v. Johnson*, 130 N.H. 578, 585, 547 A.2d 213, 217 (1988). Instructions that alter only the form of an indictment rather than its substance are always permissible. *See State v. Elliott*, 133 N.H. 759, 764, 585 A.2d 304, 307 (1990). An impermissible amendment would be one that effects a change in the offense charged. *See id.* "In between these two extremes is the

amendment that does *not* alter the crime charged in an indictment, but changes an allegation in the indictment that has the effect of specifying and circumscribing the scope of the crime alleged . . . ." *Id.* (quotation omitted).

■ In *State v. Allen,* 128 N.H. 390, 396, 514 A.2d 1263, 1267 (1986), we held that "attempted murder is a generic crime comprising an act committed with the purpose to cause the death of another, when that act is a substantial step toward the causation of death." We noted that "a reference to first degree or capital murder [would be] surplusage as a matter of pleading." *Id.* at 397, 514 A.2d at 1268; *see also State v. McPhail,* 116 N.H. 440, 442, 362 A.2d 199, 201 (1976). An instruction that omits surplusage from the charge is an amendment of form, not substance. *See State v. Mansfield,* 134 N.H. 287, 291, 592 A.2d 512, 514–15 (1991).

The defendant argues that *Allen* stands only for the proposition that an indictment for attempted murder need not specify whether the completed act would have been murder in the first or second degree, and that the State in this case, as in *State v. Erickson,* 129 N.H. 515, 533 A.2d 23 (1987), and in *Elliott,* was bound by the terms of the indictment. We disagree.

■ In *Erickson,* the trial court's jury instruction on the crime charged included statutory variants that had not been alleged in the indictment. *See Erickson,* 129 N.H. at 520, 533 A.2d at 25. The risk averted by our reversal was that the defendant might have been convicted on a charge that the grand jury never made against her. *See id.* That risk is not real in this case. The grand jury found sufficient evidence of the defendant's state of mind and conduct to try him for "attempted first degree murder." The trial court's instruction did not allow the petit jury to consider any elements of a crime for which the grand jury had not previously found adequate proof. *See McPhail,* 116 N.H. at 442, 362 A.2d at 201.

■ *Elliott* is also inapposite. *Elliott* concerned a jury instruction that was impermissible because it failed to incorporate particular facts alleged in the indictment that circumscribed and specified the scope of the crime charged. *See Elliott,* 133 N.H. at 765, 585 A.2d at 308. The indictment in *Elliott* charged manslaughter, an offense in the criminal code. The indictment circumscribed the scope of this crime by including a factual allegation that the defendant shot the victim in the head. *Id.* The trial judge's instruction impermissibly broadened this allegation by allowing the jury to convict upon proof that the defendant caused the gun to discharge. *See id.* A proper

instruction in a case analogous to *Elliott* would incorporate the particular factual allegation into an exposition of the elements of the crime charged. The defendant's desired instruction in the present case, however, would have had the jury deliberating over "attempted first degree murder," a nonexistent crime. *See Allen,* 128 N.H. at 396, 514 A.2d at 1267–68. Furthermore, while *Elliott* concerned the absence of an instruction on a *factual allegation* included in the indictment, the defendant in this case contests the lack of an instruction on a *legal concept,* premeditation, *that does not even appear in the indictment.* Under these facts, a comparison with *Elliott* is unjustifiable unless an inference of premeditation follows from the indictment's allegation that the defendant committed "the crime of attempted first degree murder" by "purposely" engaging in conduct that was a substantial step toward "purposely" causing the victim's death. We noted in *Allen,* however, that a hypothetical "indictment for an attempt to commit [first degree murder] would require *explicit* allegations of premeditation and deliberation, in order to distinguish the mental element of the murder attempted from the purposeful state of mind required for an attempt." *Allen,* 128 N.H. at 394, 514 A.2d at 1266 (emphasis added); *compare* RSA 630:1-a, II (1986) *with* RSA 626:2, II(a) (1986). The indictment in this case lacked an explicit allegation of premeditation. Given our conclusion in *Allen,* the defendant's argument that the State had a duty to prove this heightened mental state is untenable. Accordingly, we reject the defendant's argument that the indictment in this case contained allegations specifying and circumscribing the scope of the crime charged.

Even if we were to assume that the indictment's reference to the nonexistent offense of "attempted first degree murder" circumscribed the scope of the crime charged, the defendant would not prevail. Just as one accused of first degree murder cannot expect acquittal on a lesser included homicide charge simply by asserting that the killing was unpremeditated, the defendant could not reasonably base a complete defense to the attempted murder charge by denying he had acted with premeditation. If attempted first degree murder were a chargeable offense as the defendant contends, then generic attempted murder would be a lesser included crime. This court has not found reversible error when a trial judge, over the defendant's objection, instructs a jury on a lesser included offense if the evidence warrants it. *See State v. Howland,* 119 N.H. 413, 417, 402 A.2d 188, 191 (1979). We hold that the trial court did not err by providing an instruction on generic attempted murder, despite the

indictment's reference to "the crime of attempted first degree murder."

█ Similarly bootless for the defendant is his contention that the trial court erred in allowing the prosecutor to state in his closing argument that proof of premeditation is unnecessary for an attempted murder conviction. Not only did the prosecutor's assertion correctly characterize the law, but it also followed his statement that the trial judge would instruct the jury on the law. Furthermore, the trial judge instructed the jury that the arguments of counsel do not provide the law for the case.

█ We next address the double jeopardy issue. The indictment for first degree assault charged that the defendant purposely caused the victim serious bodily injury "in the form of [brain] damage" by "pressing his hands tightly around her neck, thereby depriving her brain of oxygen." The indictment for attempted murder alleged the same conduct; that is, the defendant's strangulation of the victim. The trial judge imposed sentences of fifteen to thirty years for attempted murder, and seven and one half to fifteen years for first degree assault, to be served consecutively. The State concedes that, under the facts of this case, the two charges meet the "same evidence" test, *see Heald v. Perrin*, 123 N.H. 468, 473, 464 A.2d 275, 278 (1983), and that the dual convictions and sentences violate the double jeopardy clause of the State Constitution. *See* N.H. CONST. pt. 1, art. 16. One of the convictions consequently must be set aside.

We remand for further proceedings consistent with this opinion.

*Affirmed in part and remanded.*

All concurred.