### In re NAROMA CHOCOLATE CO. et al.

(District Court, D. Rhode Island. May 2, 1910.)

No. 944.

BANKRUPTCY (§ 68*)—"WAGE-EARNER."

One engaged in manufacturing and trading does not become a "wage-earner," exempt from adjudication as a bankrupt by Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), because, while working as a manufacturer and trader, he also earns wages by working for another in a different occupation; and if debts are contracted while he is engaged as a manufacturer or trader, he is not exempt from involuntary bankruptcy because he subsequently becomes a wage-earner.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 68.*
For other definitions, see Words and Phrases, vol. 8, p. 7365.
What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

In the matter of bankruptcy proceedings against Daniel V. Rieley and Anna E. Quinn, individually and as copartners doing business under the name of the Naroma Chocolate Company. On objections by Anna E. Quinn to the adjudication. Overruled.

William H. Thornley and Gardner, Pirce & Thornley, for petitioning creditors.

John H. Slattery, for respondent Anna E. Quinn.

BROWN, District Judge.  This is an involuntary petition in bankruptcy, filed March 18, 1910, against Daniel V. Rieley and Anna E. Quinn, individually and as copartners under the firm name "Naroma Chocolate Company."

Although the petitioners' right to an adjudication against the copartnership is not contested, Anna E. Quinn contends that she is exempt from adjudication as an individual on the ground that since September 1, 1909, and up to the present time, she has received wages as a housekeeper, having charge of an apartment house, at the rate of $5 per week.  She contends that as a "wage-earner" she is excepted by chapter 3, § 4b, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]).

It is admitted that in January, 1909, she became a partner, and contributed $2,000 to the capital of the firm, and that on February 7, 1910, she signed a general assignment of the firm property for the benefit of creditors.  The respondent at the hearing also testified to the payment of about $4,000 in November preceding the bankruptcy to her creditors, including her brother.

A person who is engaged in a manufacturing or trading business does not come within the ordinary usage of the term "wage-earner" merely because, while engaged as a manufacturer or trader, he may earn wages by working for another in a different occupation; nor, if debts are contracted by a bankrupt while engaged in the occupation of a manufacturer or trader, is he exempted from involuntary proceedings because he subsequently becomes a wage-earner.  In re Crenshaw (D. C.) 156 Fed. 638; Carpenter v. Cudd (C. C. A.) 174 Fed. 603.

The adjudication of bankruptcy will include Anna E. Quinn as an individual.