In the Matter of John BRADFORD, Jr.,
Debtor.

No. 2104–N.

United States District Court
N. D. Alabama, N. D.

May 24, 1967.

Calvin C. Pryor, Montgomery, Ala., for John Bradford, Jr.

Elno A. Smith, Jr., Montgomery, Ala., for Capitol Loans, Inc., a creditor.

## ORDER

JOHNSON, Chief Judge.

This matter is now presented on a Certificate of Review filed with this Court by the Honorable Leon J. Hopper, Referee in Bankruptcy, in response to a petition by Capitol Loans, Inc., for a review of the Referee's order made and entered in this cause on March 8, 1967. This submission is upon the stipulation of counsel that the facts found by the Referee in his opinion and order are correct.

The sole question presented is whether persons whose only or principal source

of income is social security benefits are outside the definition of a wage earner as defined by § 606(8) of the Bankruptcy Act and hence are precluded from the relief afforded by Chapter XIII of the Act.

The facts as found by the Referee are as follows:

"On December 1, 1966, the debtor, John Bradford, Jr., filed a petition under Chapter XIII of the Bankruptcy Act whereby he proposed to pay his debts through a period of extension.

A first meeting of creditors was held December 20, 1966, and his plan was accepted thereat by a majority of his creditors in number and amount.

"One of his creditors, Capitol Loans, Inc., has objected to the confirmation of his plan on the ground that he is not a wage earner as that term is defined in Sec. 606(8) of the Bankruptcy Act.

"John Bradford, the debtor, has worked for wages throughout his adult lifetime. During his working years he made contributions under the Federal Social Security Act and is now entitled to benefits thereunder which he receives in the amount of $64.00 per month. In addition to this payment he receives benefits from the State of Alabama Department of Pensions and Security in the amount of $21.00 per month. This debtor is retired and receives no wages or salary as these terms are commonly defined, his only income being $85.00 per month from the two above sources.

"John Bradford has never owned or operated any business or been dependent for a living upon property or invested capital. None of the debts listed in his schedules filed with his original petition bear any relationship to any business operation by him. In fact, all of the thirteen creditors listed are loan companies whose business is making loans to persons of his circumstance."

The term "wage earner" is defined in Chapter XIII of the Bankruptcy Act, § 606(8), 11 U.S.C. § 1006(8):[1]

"'[W]age earner' shall mean an individual whose principal income is derived from wages, salary or commissions."

A chronological examination of the legislative history of this particular part of the Bankruptcy Act is useful. On June 22, 1938, Congress added the following section:

"'[W]age earner' shall mean an individual who works for wages, salary, or hire at a rate of compensation which, when added to all his other income, does not exceed $3,600 per year."

In 1950 the dollar amount was raised to $5,000, 64 Stat. 1134. In 1959 the statute was amended into its present form by Public Law 86–24, § 1, 73 Stat. 24. Two significant changes were made by this last amendment. First, it removed the limitation on the maximum annual income which a debtor could have and still be entitled to the benefits of a Chapter XIII proceeding. Second, the definition was enlarged by deleting the words "who works," as set out in the earlier statutes, and substituting the less stringent test of income "derived from wages."

The leading authority on the proper construction of Chapter XIII is Perry v. Commerce Loan Co., 383 U.S. 392, 86 S. Ct. 852, 15 L.Ed.2d 827, rehearing denied 384 U.S. 934, 86 S.Ct. 1441, 16 L.Ed.2d 535 (1966). In commenting upon the legislative purpose in the amendments to Chapter XIII proceedings, the Supreme Court in *Perry* stated:

"In light of the proven advantages of extension plans, the Congress has re-expressed its legislative purpose in amendments to Chapter XIII adopted since the original enactment. A re-

---

[1] The term "wage earner" is also defined in § 1(32) of the Act, 11 U.S.C. § 1(32). However, the definition ac- corded this term in Chapter XIII is controlling, Bankruptcy Act, § 602, 11 U.S.C. § 1002.

port to the House of Representatives expresses it in these words:

" '[C]hapter XIII provides a highly desirable method for dealing with the financial difficulties of individuals. It creates an equitable and feasible way for the honest and conscientious debtor to pay off his debts rather than having them discharged in bankruptcy. The power of the court to change the amount and maturity of installment payments without affecting the aggregate amount of such payments makes chapter XIII particularly applicable to the present-day financial problems generated by heavy installment buying.' H.R.Rep. No. 193, 86th Cong., 1st Sess., 2 (1959).

And similarly, the Senate report states:

" 'We think there can be no doubt * * * that a procedure by which a debtor who is financially involved and unable to meet his debts as they mature, over a period of time, works out of his involvement and pays his debts in full is good for his creditors and good for him.' S.Rep. No. 179, 86th Cong., 1st Sess., 2 (1959).

It is with this underlying policy in mind that we turn to a consideration of the problem posed here * * *."

 It is significant that the Supreme Court in *Perry* determined that the underlying policy in the amendments to Chapter XIII was clearly "to make more debtors eligible to file Chapter XIII petitions." [2] Thus, the provisions of Chapter XIII should be liberally extended to effectuate its beneficent purpose. This purpose is to provide a procedure whereby a "wage earner" who is financially involved to the point of floundering may be allowed to pay his debts without either the stigma of bankruptcy or harassment from creditors. The provisions of Chapter XIII contemplate that payment made under a plan approved by the referee shall be made from future earnings or wages. Bankruptcy Act, § 646(4), 11 U.S.C. § 1046(4); however, in the administration of that portion of the Act, referees have noted payments from many sources, including social security or pension benefits.[3]

The petitioner, Capitol Loans, Inc., a corporation, relies upon cases which have applied the definition of either the term "wages" or "wage earner" to bankruptcy litigation. In re Gurewitz, 121 F. 982 (2nd Cir. 1903) [4]—the case petitioner relies upon for a definition of "wages"—deals with the priority of payment afforded wages earned within three months preceding bankruptcy in ordinary bankruptcy cases. The cases petitioner cites defining "wage earner" are all concerned with the exemption from involuntary bankruptcy.[5]

 The narrow definition of "wage earner" as set out in § 1(32) of the Act is limited to the exemption from involuntary bankruptcy. The exemption statute is very narrowly construed; for example, see In re Shear, 139 F.Supp. 217 (N.D.Cal.1956). On the other hand, the provisions of Chapter XIII are to be liberally extended. It is clear, therefore, that one may be a "wage earner" within the meaning of Chapter XIII and yet not be entitled to the exemption from involuntary bankruptcy. Rice v. Mimms, 291

---

2. Report of the Committee on Bankruptcy Administration of the Judicial Conference of the United States, approved by the Judicial Conference of the United States March, 1958.

3. See Proceedings of the Second Seminar for Referees in Bankruptcy, p. 437 (1965); Proceedings of the Third Seminar for Referees in Bankruptcy, pp. 403–404 (1966).

4. The debtor also cites a number of similar cases: In re Dexter, 158 F. 788 (1st Cir. 1907); Manly v. Hood, 37 F.2d 212 (4th Cir. 1930); N.L.R.B. v. Killoren, 122 F.2d 609, 137 A.L.R. 510 (8th Cir. 1941).

5. C. I. T. Corporation v. Sanderson, 49 F.2d 937 (D.Idaho 1931); In re Gainfort, 14 F.Supp. 788 (N.D.Cal.1936); In re Naroma Chocolate Co., 178 F. 383 (D.C R.I.1910).

F.2d 823 (10th Cir. 1961). As the Referee observed:

"To reserve the relief of Chapter XIII for the working class is reasonable because others may seek relief under other chapters of the Bankruptcy Act. To deny Chapter XIII relief to a large segment of our population whose entire history is that of working men and wage earners for the reason that they are not now employed but are retired because of age or disability would seem to be a discrimination without logic or reason. While these persons might technically qualify as debtors under Chapter XI, the relief afforded there is poorly adapted to their needs and the procedural machinery under Chapter XI would render such cases impractical in their administration."

Petitioner's argument that, since the debtor "receives no wages or salary as these terms are commonly defined," the debtor, therefore, is not entitled to Chapter XIII relief may have had merit prior to the 1959 amendment to § 606(8), but is without merit at the present time. In deleting the words "who works" from the definition of a wage earner and substituting the requirement that income be "derived from wages," the Congress clearly evidenced an intent to broaden the class of persons entitled to Chapter XIII relief. That class now includes the recipients of social security benefits and other retired persons assured of future income from which payments may be made in accordance with the approved Chapter XIII plan. Social security and most other retirement income programs are financed, at least in part, by employee contributions from salary which the employee would have, in the absence of the contributions, received when earned. Thus, to this extent, social security benefits specifically and retirement benefits generally are wages and come within the meaning of § 606(8) by reason of their having been "derived from wages."

Upon consideration of the foregoing, the petition for review, the matters certified to this Court by the Referee in Bankruptcy, and the stipulation and briefs of the parties, this Court is of the opinion that the findings of fact, conclusions of law and order entered thereon by the Referee in Bankruptcy for this district, contain no error and should be approved and affirmed.

It is, therefore, the order, judgment and decree of this Court that the findings of fact, the conclusions of law, and the order entered thereon in this cause by the Honorable Leon J. Hopper as Referee in Bankruptcy, said order being dated March 8, 1967, should be and the same are approved, affirmed and sustained.

It is the further order, judgment and decree of this Court that the costs incurred by reason of the petition for review filed in this cause on March 14, 1967, be and they are hereby taxed against Capitol Loans, Inc., for which execution may issue.