**In the Matter of James Delano REED, a/k/a James D. Reed.**

**In Extension No. 2460.**

United States District Court,
E. D. Virginia,
Newport News Division.

Nov. 29, 1968.

Richard W. Hudgins, Newport News, Va., for debtor, Reed.

Jerrold G. Weinberg, Norfolk, Va., for trustee, David R. Levin.

John M. Cloud, Norfolk, Va., for creditor, General Finance Loan Co.

## MEMORANDUM ORDER

KELLAM, Chief Judge.

On August 31, 1967, James Delano Reed filed a Wage Earner Petition pursuant to Chapter XIII of the Bankruptcy Act, Title 11, § 1001, etc., U.S.C.A. Notice was duly given and the first meeting of the creditors held September 27, 1967. Pursuant to the proposed plan, deposits were made to the depository designated by the Court. On or about March 1, 1968, Bankrupt filed application for confirmation of the arrangement under the statute. Following an appeal to the Fourth Circuit Court of Appeals on the denial by the trial court of an application for an injunction against a creditor of Bankrupt's wife, the wife on May 14, 1968, filed a Wage Earner Plan and requested her case be consolidated with the case of her husband. Thereafter question arose as to whether James Delano Reed (Reed) was a wage earner within the meaning of Chapter XIII. On May 30, 1968, the Referee concluded Reed was not a wage earner within the meaning of the statute and as a result refused to confirm the plan filed by the debtor herein. On June 7, 1968, Reed filed his petition for review, with a summary of the evidence. The Referee's Certificate on Petition for Review was filed July 8, 1968.

Reed is a carpenter who works with his tools, does not have any employees. In a week's time he may do work for as many as ten persons, and no one withheld any sums from his earnings for taxes.

The issue turns on whether Reed is a "wage earner" within the meaning of Title 11, § 1006, U.S.C.A. (Section 606 of the Bankruptcy Act). That Section provides:

> Section 1006—For the purposes of this chapter, unless inconsistent with the context—(8) "wage earner" shall mean an individual whose principal income is derived from wages, salary or commissions."

■ In oral argument counsel related that a majority of the creditors had agreed to the proposed plan; that none had objected to it; and that the issue in question was raised by the Referee. Apparently David R. Levin was elected as Trustee. Jerrold G. Weinberg, Attorney for the Trustee, filed a memorandum on behalf of the Trustee in support of the Referee's ruling. It also appears that the Bankrupt submitted an affidavit relative to his labors, but the Referee refused to file the same. All of these matters are of little or no consequence, except it may be pertinent to point out that Title 11, § 1033, U.S.C.A. provides that the Court "shall, if the plan is accepted, appoint a trustee to receive and distribute" all moneys to be paid under the plan. Hence a Trustee is to be appointed only if the plan is accepted. Collier, 14th Ed., Vol. 10, page 188, par. 25:10.

All provisions of the Bankruptcy Act are not applicable to the same groups. Revision of the Act came about through the Chandler Act June 22, 1938, 52 Stat. 840. It would appear that in recent times the amendments to the Act have been with the idea of rehabilitating the honest but unfortunate debtor. Society could be better served by such action. The author of Johnson's Bankruptcy Reorganization relates, that among the general purposes of the Chandler Act or 1938 Revision of the Bankruptcy Act, are "granting new privileges to honest but unfortunate debtors," and "providing for wage earners."

■ Chapter X [Title 11, § 501, etc., U.S.C.A.] deals with corporate reorganization; Chapter XI [Title 11, § 701, etc.] sets out procedure principally for individuals and partnerships prohibited from taking advantage of Chapters X and XII, to obtain approval by the Court of financial arrangements which will be fair, equitable and feasible and in the best interests of creditors; Chapter XII [Title 11, § 801] etc., deals with arrangements by persons other than corporations relating to real property, etc.; and Chapter XIII [Title 11, § 1001] deals with wage earners. It thus appears that provision has been made for

the various classes of debtors to pay their debts without straight bankruptcy. The procedure under Chapter XIII was intended to give the wage earner a reasonable opportunity to arrange installment payments out of future earnings, and to encourage wage earners to pay their debts.

The following excerpt from the report of the Committee on Bankruptcy Administration dated February 24, 1958, approved by the Judicial Conference March 1958 Session, and quoted to the United States Senate by Senator Dirksen at time of introduction of the amendments to Chapter XIII, reported in Vol. 2, page 1448 of the U.S. Code Congressional and Administrative News, 86th Congress, First Session, 1959:

> Your committee is of the opinion that means should be devised to bring about a greater utilization of Chapter XIII: Wage Earners' Plans in appropriate cases. This means the enlightening of referees, credit organizations, lawyers and perhaps judges, with respect to the beneficent results that can be obtained by the use of Chapter XIII in appropriate cases.

> We think there can be no doubt that a procedure by which a debtor who is financially involved and unable to meet his debts as they mature, over a period of time, works out of his involvement and pays his debts in full is good for his creditors and good for him. It certainly will be a source of satisfaction to the debtor and no doubt an enhancement of his moral fiber and character if such payment can be effected.

The purpose in amending Section 606(8) of the Bankruptcy Act [11 U.S. C.A. § 1006(8)] was "to make more debtors eligible to file Chapter XIII petitions."

It appears the purpose of the amendment was to expand the relief which could be granted under the Act and to encourage a greater utilization of the Wage Earners' Plan. The Act is to be liberally construed to carry out its purpose, and the term "Wage Earners" is likewise to be liberally construed to effectuate the purpose as declared by Congress. See also Perry v. Commerce Loan, 383 U.S. 392, 86 S.Ct. 852, 15 L. Ed.2d 827.

Reed is a carpenter, working with the few tools of his trade on odd jobs, wherever he can obtain work. He does not have one constant employer paying him a fixed weekly or monthly salary. The test is "income derived from wages, salary or commissions." Reed says he works for various people at an hourly rate. He has no assistants. His earnings, wages or whatever called comes from personal services. In Hallenbeck v. Penn Mutual Life Insurance Co., 323 F.2d 566, 570 (4th Cir. 1963), the Court stated that the "general purpose of Chapter XIII is to afford a means of relief and rehabilitation to persons dependent upon their earnings from personal services _ _ _."

In First National Bank v. Barnum, 160 F. 245, 247 (D.C.Pa.1908), the Court referred to a Wage Earner under the Act as one "depend[ent] for a living upon the result of individual labor or effort, without the aid of property or capital." Continuing, the Court said "wages _ _ _ apply to the compensation for manual labor, skilled or unskilled, paid at stated times, and measured by the day, week, month or season." Reed falls within each definition. He is dependent upon his individual labor and effort, manual labor, paid at stated times, by the hour. But, it must be kept in mind the above decision was under the old Act. It has since been amended and liberalized to cover additional persons.

The language of the Act requires that the plan include provision for the submission of future earnings or wages of the debtor to the supervision and control of the court to enable it to enforce the plan. But, this does not require an assignment of the salary or wages. If it did, what would prevent the Bankrupt from changing employ-

618

ment, and what would happen with Federal Employees and numerous classes of wage earners.

Giving the Act the construction intended by Congress, Reed falls in the class of "Wage Earner" and is entitled to the benefits of Chapter XIII. The matter is therefore remanded to the Referee for further proceedings.