Probate Court, Rockingham County
No. 7542

## APPEAL OF JOSEPH F. SHAMMA & a.

January 31, 1977

*Lee A. Strimbeck,* of Concord, by brief, for the petitioner.

70

PER CURIAM. The principal issue presented by this case is whether a wage earner eligible to proceed under chapter XIII of the Federal Bankruptcy Act may also qualify to proceed in insolvency under state law provisions. We hold that he may not.

The petition of Joseph F. and Theresa C. Shamma to proceed in insolvency under the provisions of RSA ch. 568 was denied by the Probate Court (*Treat*, J.) on the ground that the plaintiffs are entitled to proceed under chapter XIII of the Federal Bankruptcy Act. 11 U.S.C. § 1001 *et seq.* (1970). Pursuant to RSA ch. 567-A (Supp. 1975), the plaintiffs appealed from that order to this court.

Mr. Shamma earns his living by installing carpeting for various customers who hire his services. He maintains that he is not entitled to proceed under chapter XIII because he is not a "wage earner" within the meaning of that section, and that therefore the remedies of RSA ch. 568 should be available to him. The term "wage earner" is defined for purposes of chapter XIII as "an individual whose principal income is derived from wages, salary or commission." 11 U.S.C. § 1006(8) (1970).

■ We agree with the finding of the probate court that Mr. Shamma is eligible to proceed under chapter XIII. In the absence of any evidence that such a finding was so plainly erroneous that it "could not be reasonably made" we are bound by it. RSA 567-A:4 (Supp. 1975). In 1959 Congress expanded the definition of "wage earner" in 11 U.S.C. § 1006(8) in order "to make more debtors eligible to file Chapter XIII petitions." *In re Reed*, 368 F. Supp. 615, 617 (E.D. Va. 1968); *see* S. REP. NO. 179, 86th Cong., 1st Sess., *reprinted in* [1959] U.S. CODE CONG. & AD. NEWS 1446–49. Since that time, it has been widely recognized that the definition of "wage earner" is to be given a liberal construction in the context of chapter XIII. *In re Bradford*, 268 F. Supp. 896 (N.D. Ala. 1967); *see Perry v. Commerce Loan Co.*, 383 U.S. 392 (1966); 10 Collier, Bankruptcy ¶ 22.09 (14th ed. 1976); 37 U. Cin. L. Rev. 228 (1968); Annot., 9 A.L.R. Fed. 707 (1971). In *In re Reed supra*, it was held that a tradesman such as the plaintiff who performs odd jobs wherever he finds work and who consequently is employed by various people at an hourly rate instead of by a constant employer paying a fixed monthly or weekly salary is a "wage earner" for purposes of chapter XIII. The reasoning of *Reed* applies equally in the case at bar.

■ We note that even though the plaintiff has been adjudged a bankrupt by the United States District Court for the District of Massachusetts and was discharged under Title 11 on April 24, 1973, he is not barred from bringing a chapter XIII petition at the present time by virtue of 11 U.S.C. § 32(c)(5) (1976). Although that section provides that after a discharge in bankruptcy a six-year period must elapse before a second such proceeding will be entertained, it is well settled that the six-year exclusion does not apply to chapter XIII petitions. *Perry v. Commerce Loan Co.* *supra; In re Holmes,* 309 F.2d 748 (10th Cir. 1962); *In re Sharp,* 205 F. Supp. 786 (W.D. Mo. 1962).

■ We do not reach the plaintiffs' second contention that the requirement of RSA 567-A:3 (Supp. 1975) that a bond be posted by those appealing from probate court decisions to cover all costs which may be awarded against them is overly onerous when imposed upon insolvent persons. It appears from the record that the plaintiffs posted their bond on the strength of their signatures alone without paying over any currency and no costs are being imposed in the present case. Accordingly, the plaintiffs have not suffered any financial burden, and the question presented is merely advisory. *See Opinion of the Justices,* 115 N.H. 222, 337 A.2d 354 (1975); *State v. Harvey,* 106 N.H. 446, 213 A.2d 428 (1965).

*Appeal dismissed.*