**In the Matter of Gumersindo P. CARRERA, a/k/a Peta Carrera, Debtor.**

**Bankruptcy No. 79 B 1454.**

United States Bankruptcy Court, S. D. New York.

Dec. 26, 1979.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

This motion by a creditor of Dr. Carrera to dismiss a Chapter XIII case squarely presents the Court with the question of whether a self-employed physician with a part time instructorship is a "wage earner" as defined under § 606(8) of the Bankruptcy Act, 11 U.S.C. § 1006. The facts presented in the debtor's amended petition, and in an examination before the Court, require a finding that the case be dismissed pursuant to Rule 13–112 of the Rules of Bankruptcy Procedure.

On August 21, 1979 Dr. Gumersindo P. Carrera filed a Chapter XIII petition with this Court pursuant to § 622 of the Bankruptcy Act, 11 U.S.C. § 1022 showing an income of $45,000 per year from the private practice of medicine out of his own office at 60 East 75th Street, New York City, and unsecured debts of over $230,000. On September 20 an unsecured judgment creditor began this proceeding to have the Chapter XIII case dismissed on the grounds that the debtor is not a wage earner and has failed to reveal the true extent of his holdings. By order of this Court on October 11, 1979, the debtor amended his petition to show employment as an instructor by the Fashion Institute of Technology at a salary of $18,000.

Chapter XIII relief is limited to wage earners. As defined under § 606(8) of the Bankruptcy Act a wage earner must derive his *principal* income from wages, salary or commissions. Although Dr. Carrera's petition is unclear in delineating the $45,000 received last year as gross or net income, in neither case would the salary earned from the instructorship constitute the principal part. Based on a literal reading of the statute, this debtor simply does not qualify to utilize a Wage Earner's Plan which protects the debtor's assets from liquidation while allowing a composition and extension with creditors based on future earnings.

Counsel to the debtor urges the Court to read the statute "liberally" and interpret the definition of wage earner to include

anyone whose income is stable enough to allow periodical payments under the auspices of a court. He contends that, in light of the legislative history and the case law, to read the provision literally would subvert the spirit and intent of the current trend to expand the applicability of Chapter XIII to a larger number of debtors. After careful review, this Court finds that it cannot disregard the limitations of the wage earner definition without perverting the entire purpose of this particular type of debtor relief.

In often quoted dicta, the Supreme Court in the major case in this area set guidelines for statutory interpretation by the courts.

"Where the words of a statute are sufficient in and of themselves to determine the purpose of the legislation, the courts will follow their plain meaning . . if the wording of a statute leads to an absurd or futile result, or an unreasonable result plainly at variance with the policy of the legislation as a whole, the court must follow the purpose of the statute rather than its literal words."

*Perry v. Commerce Loan Company,* 383 U.S. 392, 400, 86 S.Ct. 852, 15 L.Ed.2d 827 (1966). In that case the Supreme Court was asked to determine whether a furnace operator who had previously been discharged in bankruptcy could have a plan for extension confirmed within 6 years of the discharge. En route to allowing confirmation of the plan, the Court discussed the Congressional intent behind the 1959 amendment to § 606(8) eliminating an income limit which was originally part of the wage earner definition.

"Congress clearly intended to encourage wage earners to pay their debts in full, rather than to go into straight bankruptcy or composition, by offering two inducements: (1) avoidance of an adjudication of bankruptcy with its attendant stigma; and, at the same time, (2) temporary freedom during the extension from garnishments, attachments and other harassment by creditors." 383 U.S. at 395, 86 S.Ct. at 854–855.

Dr. Carrera does not propose to pay his debts in full, but to pay *10%* only. If the liberalization of Chapter XIII was meant to apply to this debtor, we must find indication elsewhere.

Counsel points to two District Court decisions construing the term "wage earner" to cover both a self-employed carpenter and a person receiving social security benefits. In *In re Reed,* 368 F.Supp. 615 (E.D.Va.1968), the District Court reversed the finding of the referee that a self-employed carpenter was not a wage earner based on the facts that the carpenter was paid at an hourly rate by his various employers, and was dependent on his earnings to effect any settlement with his creditors. *See also Hallenbeck v. Penn Mutual Life Insurance Company,* 323 F.2d 566, 570 (4th Cir. 1963). The Court in *In re Bradford,* 268 F.Supp. 896 (N.D.Ala.1967) allowed a retired worker to file a Chapter XIII plan based on the fact that social security benefits were a wage derivative, financed from salary which the employee would otherwise have received when earned. A physician is not normally paid on an hourly basis and it is impossible to determine how Dr. Carrera calculated his 1978 income. In *In re Eathel Opal Fenwick,* the court refused to characterize the owner of a coffee shop as a wage earner, concluding that "income from the coffee shop is not directly dependent on the quality and quantity of her work. The income she receives after expenses depends presumably on other business factors." 7 CBC 90, 92 (S.D.Ind.1975). The doctor must pay a monthly maintenance fee on his co-op office and must presumably pay all of the other expenses inherent in the running of a business office. His petition does not show that his earnings have that independence of those "business factors" which characterizes a salary.

Dr. Carrera's petition reveals that his debts are not within the class of debts which the Chapter was designed to fit. The Supreme Court in *Perry v. Commerce Loan Company,* 383 U.S. 392, 86 S.Ct. 852, 15 L.Ed.2d 827 (1966) discussed the particular suitability of a Wage Earner Plan to the debts which consumers accumulate through

installment buying. The majority of Dr. Carrera's debts are business related including obligations on equipment leases and for goods and services rendered.

Finally, Dr. Carrera is not eligible to file under the newly liberalized Chapter 13 of the Bankruptcy Code. Although the Code has eliminated any reference to a wage earner, the Chapter 13 debtor must have a regular income and have noncontingent liquidated unsecured debt of less than $100,000, 11 U.S.C. 109(e). Dr. Carrera has listed debts in excess of $200,000.

Therefore, the Court finds that Dr. Carrera is not eligible to seek relief under a Wage Earner Plan, and pursuant to Rule 13–112 of the Rules of Bankruptcy Procedure, the petition is hereby dismissed.

It is so ordered.