BREYER, Circuit Judge.
 

 In June 1979 the appellants, Dr. Edgar Stella and his wife, filed petitions in the federal Bankruptcy Court in Puerto Rico. They sought the protection of former Bankruptcy Act, Chapter XIII — which offers Wage Earner Plans as an alternative to bankruptcy.
 
 [1]
 
 One of Stellas’ creditors, the Government Development Bank of Puerto Rico, opposed the petitions on the ground that Dr. Stella did not qualify as a “wage earner.” The Bank pointed out that the Stellas received large amounts of income from a professional partnership that Dr. Stella had formed with another physician. The Bankruptcy Judge denied the Stellas’ petitions in part on the ground that the partnership was invalid under the law of Puerto Rico because it was “secret.”
 
 [2]
 
 The
 
 *328
 
 district court, although apparently troubled by the grounds of the Bankruptcy Judge’s decision, nonetheless affirmed the decision. The court agreed with the Bank that receipt of professional partnership income make the Stellas ineligible to proceed under Chapter XIII. We agree with the district court.
 

 Chapter XIII of the former Bankruptcy Act was designed to offer “to persons dependent upon their earnings from personal
 
 services”
 
 — Hallenbeck
 
 v. Penn Mutual Life Insurance Co.,
 
 323 F.2d 566 (4th Cir. 1963) — an alternative to bankruptcy. “Rather than seeking a discharge of debts under the straight bankruptcy sections of the Act, through liquidation, the debtor [was] enabled to choose a form of relief that [could] keep his assets intact.... ” He could also avoid “the psychological stigma sometimes attached to being declared or adjudicated a bankrupt.” 10
 
 Collier on Bankruptcy
 
 § 20.01 (14th ed. 1978). Congress expressly limited Chapter XIII to “wage earners,” 11 U.S.C. § 1006(3), and it expressly defined a “wage earner” as one “whose principal income is derived from wages, salary or commissions.” 11 U.S.C. § 1006(8).
 
 [3]
 

 Under the partnership law of Puerto Rico, the income that a partner receives from the partnership is not “wages,” nor is it “salary,” nor is it “commissions.” Rather, that income is considered a “profit.” The Civil Code of Puerto Rico states:
 

 Partnership is a contract by which two or more persons bind themselves to contribute money, property or industry to a common fund, with the intention of dividing the profits among themselves.
 

 Art. 1556, 31 L.P.R.A. § 4311. Dr. Stella and his colleague formed what the Code defines as a “particular partnership”- — a partnership that “has for its object specified things only, their use or profits, or a specified undertaking or the exercise of a profession or art.” Art. 1569, 31 L.P.R.A. § 4324.
 
 [4]
 
 Their agreement states that they are forming “a professional partnership to render medical services.” And, as the Supreme Court of Puerto Rico has stated, each partner in a professional partnership “binds himself to contribute ... his professional work, in exchange for which he receives the agreed share of the profits.”
 
 Buscaglia v. Tax Court,
 
 65 P.R.R. 9,16 (1945).
 
 See Rasa Engineering Corp. v. Daubon,
 
 86 P.R.R. 182 (1962).
 

 Appellants pointed out to the district court that the partnership agreement states that each partner “shall receive a monthly salary” and that the “salary” for each partner shall be “no less than $3500” nor “more than $4500” per month “depending on the monthly income of the office.” But this use of the word “salary” in the agreement is not sufficient to convert the partnership “profits” into a “salary” for Bankruptcy Act purposes. For one thing, the district court found that this “salary” was “dependent upon there being sufficient profits to pay each of the partners.” Under the agreement, payment of the salary was dependent upon the “monthly income of the office.” For another thing, the partners treated this payment on the partnership income tax return, not as salary, but as a draw against profits. Further, the Supreme Court of Puerto Rico has held that, at least for tax law purposes, the type of payment at issue here must be considered a “profit” despite the partners’ efforts specifically to call it a “salary.”
 
 Buscaglia v. Tax Court, supra.
 
 Finally, from a conceptual
 
 *329
 
 point of view, a traditional “salary” suggests a fixed credit of Dr. Stella against the partnership. That is to say, the partnership would have “owed” him that money. But, what could it have owed him the money for? Dr. Stella gave the partnership only those services that he “owed” it by virtue of the partnership agreement. Civil Code, Art. 1572, 31 L.P.R.A. § 4343.
 
 [5]
 
 And, in return for those services, the partnership technically “owed” him, a partner, nothing; he becomes entitled to a share of whatever profits the partnership activities might generate, but not entitled to any separate or fixed salary. Thus, the Supreme Court of Puerto Rico wrote,
 

 It is inconsistent with the contribution made ... [by a partner to a professional partnership or
 
 sociedad
 
 ] if in addition to the benefit [i. e., profit], he receives a salary, for upon contributing his services to the
 
 sociedad,
 
 he is doing nothing more than what he bound himself to do under the contract and provisions of Art. 1572.
 

 Buscaglia v. Tax Court,
 
 65 P.R.R. at 16.
 

 Appellants now argue that even if the partnership income is a “profit” for purposes of partnership law, it should nonetheless be considered a “wage” or a “salary” for purposes of Chapter XIII bankruptcy law. We see no reason, however, so to expand the plain meaning of the language of the Bankruptcy Act. While the courts have not been overly technical in applying the eligibility rules of Chapter XIII,
 
 see generally Perry v. Commerce Loan Co.,
 
 383 U.S. 392, 394-97 (1966), they have sought to limit the application of the term “wage earner” to an individual whose income depends upon his own efforts. 10
 
 Collier on Bankruptcy
 
 § 22.90 (14th ed. 1978). Those courts that have broadened the term’s application, have sought to show that individual effort alone was the source of the relevant income. Thus, a freelance carpenter who sold his services to different customers was considered a “wage earner” because his personal effort alone produced his income.
 
 In re Reed,
 
 368 F.Supp. 615, 617 (D.D.C. 1960).
 
 See also Appeal of Shama,
 
 117 N.H. 69, 369 A.2d 191 (1977). Some courts have held that a recipient of social security and state pension is a “wage earner” but, in doing so, they stressed that the recipient worked for wages throughout his adult lifetime, and thus this income might be considered deferred wages.
 
 In re Bradford,
 
 268 F.Supp. 896 (N.D.Ala.1967).
 
 [6]
 

 See
 
 Note, 37 U.Cinn.L.Rev. 228 (1968); Note, 1968 Duke L.J. 162.
 

 The income that Dr. Stella received from the partnership was not solely dependent upon his own efforts. In a civil law partnership each partner obtains his profit from the work of the partnership “community.” Giron Tena,
 
 Derecho de sociedades
 
 40 (1976). Each partner is viewed as contributing his work to the common partnership fund (Civil Code, Art. 1556) and the actions of each partner are viewed as partnership actions in furtherance of a common general enterprise. Vergez Sanchez,
 
 El so-cio industrial
 
 47-48 (1972).
 
 See Rasa Engineering v. Daubon, supra;
 
 Boehmer,
 
 Einfuhrung in das burgerliche Recht
 
 191 (1954), as cited by Puig Brutau,
 
 Fundamentos de derecho civil
 
 404 (1956). In return each partner receives, not the income or wealth that he himself produced, but rather a share of the income or wealth produced by the entire enterprise. Puig Pena,
 
 Tratado de derecho civil español,
 
 tome IV, v. II, 369-370 (1946). Dr. Stella’s share of the partnership income, for example, depended not simply upon his own individual efforts but also upon those of his partner, Dr. Hernandez.
 
 [7]
 
 Moreover, Dr. Stella was required by the partnership agreement to “provide the office free of cost to the Partnership.” The
 
 *330
 
 partnership’s income (and Dr. Stella’s share) was thus in part a function of this contribution of property or capital. The courts have been strict in not counting as “wages” or “salary” income that may in fact represent a partial return on property or capital.
 
 Matter of White Birch Park, Inc.,
 
 471 F.Supp. 159, 165 (E.D.Mich.1979) and 443 F.Supp. 1342, 1348 (E.D.Mich.1978) (owner of a corporation’s shares not a “wage earner” despite his receipt of a salary from the corporation, if the “salary” might, in part, reflect a return on capital).
 

 We are reinforced in our view that this partnership income was not “wages, salary or commissions” under the
 
 former
 
 Bankruptcy Act by the fact that Congress deliberately expanded the coverage of Chapter XIII when it wrote the
 
 new
 
 Bankruptcy Act. The congressional reports on the new Act indicate that the former definition of those eligible was too restrictive and that
 
 new legislation
 
 was needed to expand its coverage.
 
 [8]
 

 For these reasons, the judgment of the district court is
 

 Affirmed.
 

 [1]
 

 . The Bankruptcy Act of 1898 (formerly 11 U.S.C. § 1 et
 
 seq.)
 
 was repealed, effective October 1, 1979 by § 401 of Title IV of the Bankruptcy Reform Act of 1978 (Act of Nov. 6, 1978, P.L. 95-598, Title IV, § 401, 92 Stat. 2682). Nevertheless, § 403 of the 1978 Act contained savings provisions which continued the former Bankruptcy Act in effect as to bankruptcy cases filed before October 1, 1979.
 

 [2]
 

 . On July 13, 1977, Dr. Stella and Dr. Hector Hernandez entered into a partnership agreement, which specifically stated that the partnership would “divide, in equal parts, the benefits after deducting the expenses.” On October 25, 1977, they entered into a revised agreement, which spoke of “salary” — a matter that we discuss in the text above. Evidently, the Bankruptcy Judge felt that payments under the first agreement fell outside the scope of Chapter XIII and that this second agreement was void because, among other reasons, the agreement was not notarized. This fact led the Bankruptcy Judge to find that the agreement was “secret” and therefore without effect under Art. 1560 of the Civil Code. (“Partnerships, the articles of which are kept secret among the partners shall ... have no judicial personality.”) The validity of the Bankruptcy Judge’s holding is open to question in light of the authoritative remarks of Manresa y Navarro on this subject. He believes that the term “among” should be interpreted to mean “as between”. Thus, he writes that the
 

 publicity required by the law should not be construed to have such broadness as to require that all the stipulations of the partnership contract be known by all persons doing business v/ith the partnership because this would be contrary to the right that the partners have to execute the contract in any form [Art. 1558 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 4313]_ That is why the law does not require the recording of the civil partnership in the proper registry, as is the case with respect to commercial partnerships.
 

 Comentarios al Codigo civil
 
 espanol, tome XI, 407 (6th ed. 1972).
 
 See also
 
 Santamaria,
 
 Comentarios al Codigo civil,
 
 vol. II, 704 (1958). In this case there was no “secrecy” as between the partners. We need not decide this issue of civil law, however, for we believe the district
 
 *328
 
 court was correct in denying Chapter XIII coverage even on the assumption that the second agreement is valid.
 

 [3]
 

 . The term “wage earner” was also defined in § 1(32) of the Act, 11 U.S.C. § 1(32). But Chapter XIII’s definition is controlling here. 11 U.S.C. § 1002.
 

 [4]
 

 . Appellants claim that theirs is a “general” partnership under Art. 1566 of the Civil Code, 31 L.P.R.A. § 4321. Whether such a classification would help their argument is unclear. Regardless, a “general partnership for profits” must be formed “simply or without expression of its purpose.” Sanchez Roman,
 
 Estudios de derecho civil,
 
 tome IV 525-526 (2d ed. 1899). Dr. Stella’s partnership was limited to the express purpose of the practice of medicine. Thus, it is “particular.”
 
 Buscaglia v. Tax Court,
 
 65 P.R.R. 9 (1945).
 

 [5]
 

 . Art. 1572 of the Civil Code states that “[e]very partner is a debtor of the partnership for whatever he has promised to contribute thereto.” 31 L.P.R.A. § 4343.
 

 [6]
 

 . For similar cases dealing with the definition of “wage earner” in § 1(32) of the Act, see I
 
 Collier on Bankruptcy
 
 § 1.32 (14th ed. 1978).
 

 [7]
 

 .The existence of a commonality of purpose in the partnership between Stella and Hernandez is clear from the partnership agreement. According to that agreement, Dr. Stella was to take care of patients coming to the office on certain days. Dr. Hernandez was normally responsible for hospitalized patients. He was also to take care of all pre-operative consultations and interpretations of electrocardiograms.
 
 *330
 
 The agreement states that these services shall be billed “for the benefit of the partnership.”
 

 [8]
 

 .
 
 See generally
 
 S.Rep.No.95-989, 95th Cong., 2d Sess. 12-13 (1978); H.R.Rep.No.95-595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.